IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00279-MSK-KLM

CECILIA GAXIOLA, and
NICOLAS LOPEZ,

    Plaintiff,

v.

ALFREDO FERNANDEZ,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for a Forthwith Order Granting United States Marshal for Puerto Rico Authority to Serve Process** [Docket No. 5; Filed March 27, 2009] ("Motion for Marshal Service") and **Plaintiffs' Motion to Vacate Scheduling Conference** [Docket No. 6; Filed March 27, 2009] ("Motion to Reset").

IT IS HEREBY **ORDERED** that the Motion for Marshal Service [#5] is **DENIED without prejudice**. The Court finds that Plaintiffs have failed to justify entry of an Order requiring the U.S. Marshal to effect service of the summons and complaint on Defendant. Although the process service provided an affidavit indicating his service attempts to date [Docket No. 5-2], I find that the inability to effect service over a two-day period does not excuse Plaintiff from his obligation to first "seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." Advisory Committee Notes for

Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981).[1]

Manifestly, it may always be easier for a plaintiff to employ the service of a U.S. Marshal rather than effect service through private means, but that does not necessarily justify an Order requiring the U.S. Marshal to conduct service. Plaintiffs offer no explanation for failure of the process server to make additional service attempts either at Defendant's home or elsewhere. Moreover, according to the Advisory Committee Notes for the rule authorizing service by U.S. Marshal, "court orders directing service by marshal should not be issued unless they are *really* necessary." *Id.* (emphasis added). Plaintiff has failed to show such necessity. Before the Court exercises its discretion to utilize this costly and burdensome approach, Plaintiff must make reasonable efforts to locate and serve Defendant through additional means. *See, e.g.*, *Bax v. Exec. Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003); *McKnight v. Madison Parish Sch. Bd.*, No. 07-0030, 2007 WL 3444677, at *1 (W.D. La. Nov. 15, 2007) (unpublished decision); Advisory Committee Notes, 93 F.R.D. at 262.

Although I do not find that service of the summons and complaint by U.S. Marshal is justified, Plaintiffs have provided good cause for resetting the Scheduling Conference. Accordingly,

IT IS FURTHER **ORDERED** that the Motion to Reset [#6] is **GRANTED**. The Scheduling Conference set for April 9, 2009 at 10:00 a.m. is **vacated** and **RESET** to **June**

---

[1] As Plaintiff is neither proceeding *in forma pauperis* nor a seaman, the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court. Fed. R. Civ. P. 4(c)(3); *see, e.g.*, *Brewer v. Ray*, 181 Fed. Appx. 563, 566 (7th Cir. 2006) (noting that prisoner not entitled to Marshal service where he was not proceeding *in forma pauperis*).

**25, 2009 at 10:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures. Deadline for submission of the proposed scheduling order is on or before **June 22, 2009**.

Parties shall submit a brief Confidential Settlement Statement in PDF format to [Mix_Chambers@cod.uscourts.gov.](mailto:Mix_Chambers@cod.uscourts.gov) on or before **June 22, 2009**. Parties not participating in ECF shall submit their confidential settlement statement, on paper by delivering to the office of the Clerk of the Court or by mailing directly to Magistrate Judge Mix at the Byron G. Rogers U.S. Courthouse. The envelopes shall be marked "Private per Magistrate Judge Mix' Orders."

Anyone seeking entry into the Byron G. Rogers United States Courthouse must show valid photo identification. *See* D.C.COLO.LCivR 83.2B.

Dated: March 27, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix